[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10352
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20598-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAULIO DOMINGO MARTINEZ CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 27, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Braulio Martinez Castillo appeals his 42-month sentence, imposed after he pleaded guilty to making a false statement in an application for a United States passport, 18 U.S.C. § 1542, aggravated identity theft, id. § 1028A(a)(1), and illegal reentry after deportation, 8 U.S.C. § 1326(a), (b)(2).  Castillo argues his sentence was substantively unreasonable because it was greater than necessary to comply with the sentencing goals in 18 U.S.C. § 3553(a).  He says the district court should have varied downward because he purchased an identity from a willing seller, which he says was not "aggravated identity theft in the traditional sense."

We review the reasonableness of a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  Castillo has the burden of establishing that his sentence is unreasonable in light of the record and the § 3553(a) factors.  See United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  In reviewing a sentencing decision, we first ensure that the district court committed no procedural error, which includes properly calculating the guideline range and adequately explaining the chosen sentence.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  We then consider substantive reasonableness.  Id.

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant.  In imposing a particular sentence, the court must

2

also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. § 3553(a)(1), (3)–(7). The weight given to any specific factor is committed to the sound discretion of the district court. United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014). However, "[a] district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

Castillo's sentence is reasonable. He does not argue that the district court committed any procedural error. And although Castillo argues that his sentence was substantively unreasonable because it was greater than necessary to comply with the statutory goals of sentencing, we cannot agree. The district court noted that while Castillo might not have stolen an identity, he bought an identity that was not his own and used it to avoid the law and commit criminal conduct. The court reasonably believed that it would be improper to vary downward from the guidelines range based on those facts. Because the weight given to any of the

3

sentencing factors is within the discretion of the sentencing court, we cannot say that the court abused its discretion in reaching this within-guidelines sentence.

**AFFIRMED.**